1   Joel B. Robbins, Esq. (011065)
2   **ROBBINS & CURTIN, p.l.l.c.**
    301 East Bethany Home Road, Suite B-100
3   Phoenix, Arizona  85012
    Tel: 602/285-0100
4   Fax: 602/265-0267
5   *Attorneys for Plaintiffs*

6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF ARIZONA**

8

9   **Marna Gooday,** the biological mother of
    Myron Gooday, deceased, on behalf of
    herself and the statutory beneficiaries of          No.
10  Myron Gooday;
    **Roy Ivins, Sr.,** the biological father of
11  Myron Gooday, deceased, on behalf of               **COMPLAINT**
    himself and the statutory beneficiaries of
12  Myron Gooday; and                               **Jury trial demanded**
    **Estate of Myron Gooday,** deceased,
13
                        Plaintiff,
14
            vs.
15
    **Matt Daley,** in his individual capacity as an
16  officer with the White Mountain Apache
    Tribal Police Department;
17  **Maury Cole,** in his individual capacity as an
    officer with the White Mountain Apache
18  Tribal Police Department;
    **Bernard Dale,** in his individual capacity as
19  an officer with the White Mountain Apache
    Tribal Police Department,
20
                        Defendants.
21

22
            Plaintiffs, for their complaint against Defendants, states as follows:
23
            1.      Plaintiff Marna Gooday is the biological mother of the decedent, Myron
24
25  Gooday.

26          2.      Plaintiff Roy Ivins, Sr., is the biological father of the decedent, Myron
27
28  Gooday.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

3.    Plaintiffs Roy Ivins, Sr., and Marna Gooday bring the present complaint on behalf of themselves and on behalf of any additional surviving beneficiaries of Myron Gooday.

4.    Myron Gooday is an individual who, at the time of his death, resided in the County of Navajo, State of Arizona.  He passed away on or about December 23, 2005.  He is survived by his parents.

5.    Upon information and belief, Defendant Matt Daley is, or was at the time of the incidents at issue, an officer with the White Mountain Apache Tribal Police Department.  Upon further information and belief, he was assigned to the Department by the Government of the United States through the Bureau of Indian Affairs.  Defendant Daley is named herein in his individual capacity.

5.    Upon information and belief, Defendant Maury Cole is, or was at the time of the incidents at issue, an officer with the White Mountain Apache Tribal Police Department.  Upon further information and belief, he was assigned to the Department by the Government of the United States through the Bureau of Indian Affairs.  Defendant Cole is named herein in his individual capacity.

6.    Upon information and belief, Defendant Bernard Dale is, or was at the time of the incidents at issue, an officer with the White Mountain Apache Tribal Police Department.  Upon further information and belief, he was assigned to the Department by the Government of the United States through the Bureau of Indian Affairs.  Defendant Dale is named herein in his individual capacity.

7.    The United States government has the responsibility for providing law enforcement services on the White Mountain Apache Reservation pursuant to 25 U.S.C. §

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax: (602) 265-0267

2802(a).   The Bureau of Indian Affairs, Office of Law Enforcement Services ("BIA OLES") was established as part of the Department of the Interior to fulfill this responsibility.

8.   The BIA OLES assigned the performance of its law enforcement responsibilities to the White Mountain Tribal Police Department pursuant to the Indian Self-Determination and Education Assistance Act of 1975, Public Law 93-638, 25 U.S.C. §§ 450, *et seq.*  Such assignments are known as a "638 contract."

9.   The United States government, through the BIA OLES, retained exceptional control over the White Mountain Tribal Police Department and its officers, including control over:

- The manner of the police service (638 contract ¶ 102.1);

- The licensing of officers (638 contract ¶ 102.2);

- Cooperation with BIA investigations (638 contract ¶102.4);

- Specific requirements over police patrol obligations (638 contract ¶102.5);

- Identification of officers (638 contract ¶ 102.7);

- Uniform of officers (638 contract ¶102.8);

- Equipping of police vehicles (638 contract ¶102.9);

- Equipping of officers (638 contract ¶ 102.10);

- Qualifications, training code of conduct, inspection and evaluation of officers (638 contract ¶ 104);

- Licensing drivers of patrol vehicles (638 contract ¶ 104.2A);

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

- Hiring qualifications of officers (638 contract ¶104.2B);

- Background searches of officers (638 contract ¶104.2C);

- Employability of those with criminal convictions as officers (638 contract ¶104.2D);

- Minimum age of officers (638 contract ¶ 104.2E);

- Procedures for personnel dispute resolution (638 contract ¶ 104.5);

- Required knowledge of arrest procedures, rules of evidence, crime scene searches, preservation of evidence, report writing, and court testimony (638 contract ¶ 104.6);

- Minimum officer proficiency in firearms use (638 contract ¶ 104.7);

- Procedures for discharge of weapon (638 contract ¶104.7);

- Reporting of discharge of weapon (638 contract ¶ 104.7);

- Limitation on types of firearms to be used (638 contract ¶104.7);

- Training of new officers (638 contract ¶ 104.8);

- Training of supervisory personnel (638 contract ¶104.9);

- Training of investigators (638 contract ¶ 104.10 and 104.11);

- Continuing training of officers (638 contract ¶ 104.12);

- Minimum requirements of code of conduct (638 contract ¶104.14);

- Availability for inspection and evaluation by BIA (638 contract ¶ 104.15);

- Procedures for investigating allegations of violations of civil rights (638 contract ¶ 104.16);

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

- Maintenance of records (638 contract ¶ 104.17);

- Minimum number of personnel employed (638 contract ¶ 105);

- Minimum facilities equipment, supplies, and services (638 contract ¶ 106); and

- Submission of regular reports (638 contract ¶ 107).

10.     Due to this control exercised by the BIA OLES over the White Mountain Apache Tribal Police Department and its officers, the officers were agents of the United States through the BIA OLES.

11.     On December 22, 2005, Lynn Gooday of Cibecue, Arizona, called the White Mountain Apache Police Department to report that her nephew, Myron Gooday, may try to hurt himself, and she wanted the police to try to assist Myron.

12.     At the time, Myron was at his grandmother's house in Cibecue, where Myron resided.

13.     Defendant Bernard Dale was the first officer to arrive.  When Dale arrived on the scene, he stated that he saw Myron Gooday go into a bedroom with what appeared to be a weapon.

14.     Myron was in the room alone, and was not a threat to any other individual.

15.     Dale asked Lynn Gooday what Myron was carrying; Lynn specifically told Dale that Myron did not own a gun, but only had a non-working pellet gun.

16.     Nonetheless, Dale requested additional police assistance at the scene. Defendants Cole and Daley arrived as backup.

17.     Upon information and belief, both Cole and Daley are certified K-9 officers.

ROBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax:   (602) 265-0267

18.     Upon further information and belief, Defendant Dale did not advise the two back-up officers that Gooday was unarmed, and only had an inoperable pellet gun.

19.     When the additional officers arrived, they knocked on the bedroom door and requested that Myron Gooday come out of the bedroom.

20.     When Myron did not come out of the bedroom, the three officers, Defendants Dale, Cole, and Daley, disconnected electricity to the house.

21.     The three officers then went back into the house, using only their flashlights for illumination.  They then proceeded to forcibly open the bedroom door.

22.     Upon entering the bedroom through the shattered door, the officers purportedly saw Myron Gooday holding what appeared to be a weapon, the same item he was supposedly holding prior to entering the bedroom.   Accordingly, the officers proceeded to shoot Myron Gooday multiple times, killing him.

23.     The item in Myron Gooday's possession turned out to be the inoperable pellet gun, the very "gun" about which Lynn Gooday had advised Defendant Dale.

24.     The actions of Defendants as described herein constituted an unreasonable seizure of Mr. Gooday, in violation of the Fourth Amendment to the United States Constitution, and violated Plaintiffs' due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and, therefore, are actionable pursuant to *Bivens v. Six Unknown Named Agents of Federal Narcotics Bureau*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

25.     As a direct result of Defendants' unreasonable seizure of Myron Gooday and violation of his civil rights, Myron Gooday died.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

26.     Plaintiffs Marna Gooday and Roy Ivins, Sr., sustained serious injury, including emotional distress, loss of the companionship with their son, loss of enjoyment of life, and economic loss, for which they are entitled to redress from Defendants.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     For special damages, including but not limited to medical fees and expenses;

B.     For lost wages , income, and other economic losses;

C.     For other general damages, including but not limited to pain and suffering, loss of enjoyment of life and wrongful death;

D.     For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E.     For attorney's fees to the extent permitted by law;

F.     For exemplary damages to the extent permitted by law; and

G.     Such other relief as the Court deems just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED:  December 20, 2007

**ROBBINS & CURTIN, p.l.l.c.**


By: s/Joel B. Robbins
  Joel B. Robbins
  301 E. Bethany Home Road, Suite B-100
  Phoenix, Arizona 85012
  *Attorney for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267